UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN ANTONIO SERRANO CHAVARIA (A No. 201 465 057),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY ICE DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-1157 DJC CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  For the reasons which follow, the court recommends that the petition be denied.

I. Facts

Petitioner is a citizen of El Salvador.  ECF No. 14-1 at 1.  It is not clear from the record when and where petitioner entered the United States.  On December 16, 2024, petitioner was arrested by ICE officers who determined petitioner is inadmissible under 8 U.S.C. § 1182(a)(9)(C) having unlawfully entered the United States after having been previously removed.  ECF No. 14-1 at 1.  Petitioner is subject to removal under 8 U.S.C.§ 1231(a)(5).

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

Petitioner filed a petition for withholding of removal which was denied by an immigration judge on April 21, 2025. ECF No. 14-3. The Board of Immigration Appeals (BIA) dismissed petitioner's appeal of that decision on September 4, 2025. ECF No. 14-5 at 10-13. Ninth Circuit records concerning case no. 25-5718 indicate that petitioner's petition for review of the BIA's dismissal is pending and removal is stayed.

Petitioner has been in custody since his arrest. ECF No. 1 at 2. Petitioner sought release from custody under 8 C.F.R. § 1236. An immigration judge denied the request on July 30, 2025, finding the Department of Homeland Security met its burden of showing that petitioner is a flight risk and dangerous. ECF No. 14-4.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Claim and Analysis

Petitioner asserts he is being subjected to prolonged detention in violation of the Due Process Clause of the Fifth Amendment. ECF No. 1 at 15-16. Petitioner asks for release or another hearing before an immigration judge resulting in release if it is not shown by clear and convincing evidence that petitioner is either dangerous or a flight risk. Id. at 16.

However, petitioner's detention is specifically authorized by the Supreme Court's decision in Johnson v. Guzman Chavez, 594 U.S. 523 (2021). In that case, the Court found that persons such as petitioner under an order of removal pursuant to 8 U.S.C. § 1231(a)(5) are subject to

2

detention under 8 U.S.C. § 1231 while they pursue withholding of removal and there is no entitlement to any hearing as to whether they are dangerous or a flight risk. Id. at 526.

In Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018) the Ninth Circuit suggested that the Due Process Clause protects persons going through the removal process from "arbitrary prolonged detention." Assuming petitioner maintains this right as to his current detention even after Johnson v. Guzman Chavez, the record does not establish that petitioner's detention is arbitrary. As indicated above, petitioner was identified by an immigration judge as being a flight risk premised upon petitioner's "history of immigration violations which include multiple removals and illegal entries into the United States and the . . . denial of all applications for relief (currently on appeal)." ECF No. 14-4. Respondent provides records indicating that on two prior occasions within the last nine years, petitioner has entered the United States illegally and was removed. ECF No. 14-1 at 3-4. Considering petitioner's history of not complying with United States immigration laws and the fact that removal seemingly only awaits a decision by the Ninth Circuit, the conclusion that detention premised upon risk of flight cannot be said to be arbitrary.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 16, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1 - chav1157.imm.frs

3